UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| JACKIE PANARO, *et al.*, | ) |
| | ) 4:23-CV-45 |
| *Plaintiffs,* | ) |
| | ) Judge Curtis L. Collier |
| v. | ) |
| | ) |
| UNITED AIRLINES, INC., | ) |
| | ) |
| *Defendant*. | ) |

# **M E M O R A N D U M**

Before the Court is a motion by Defendant, United Airlines, Inc., to dismiss or, in the alternative, to transfer venue. (Doc. 8.) Defendant moves to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) and failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (*Id*.) Alternatively, Defendant moves to transfer venue under 28 U.S.C. § 1404(a) to the Northern District of Illinois. (*Id*.) Plaintiffs, Jackie Panaro and Matthew Robbin, filed a response in opposition (Doc. 14), and Defendant replied. (Doc. 15.)

For the following reasons, the Court will **GRANT** Defendant's motion (Doc. 8) **IN PART** and **TRANSFER** this matter to the United States District Court for the Northern District of Illinois.

**I.      BACKGROUND**

On September 27, 2023, Plaintiffs filed suit against Defendant in the Circuit Court of Franklin County, Tennessee for the Twelfth Judicial District. (Doc. 1-1.) The case arises from challenges to Defendant's COVID-19 vaccination-mandate policy, which required its employees

to be vaccinated against COVID-19.  (*Id.* ¶ 13.)  Plaintiffs, who were employed as a flight attendant and a pilot respectively, (*id.* ¶¶ 22, 31), sought religious exemptions (*id.* ¶¶ 24, 34).  Plaintiffs allege that in response, Defendant placed them on unpaid and unprotected leave of absence.  (*Id.* ¶¶ 28, 38.)  Plaintiffs bring causes of action under Tennessee Code Annotated §§ 14-1-101 *et seq.* and for common law assault, alleging a "pattern of discriminatory, unconstitutional, and illegal behavior against employees who required religious or medical exemptions from [Defendant's] COVID-19 vaccination mandate policy."  (*Id.* ¶ 1.)

Defendant subsequently removed the case to this Court on November 6, 2023.  (Doc 1.)  On December 1, 2023, Defendant filed a motion to dismiss or in the alternative, transfer venue of Plaintiffs' case.  (Doc. 8.)  Plaintiffs responded to Defendant's motion on January 5, 2024.  (Doc. 14.)  Defendant replied to Plaintiffs' response on January 18, 2024.  (Doc. 15.)  This matter is now ripe for review.

## II. <u>STANDARD OF REVIEW</u>

Defendant's motion to dismiss raises a threshold issue of personal jurisdiction.  (Doc. 8.)  Defendant alternatively asks the Court to consider transfer of venue.  (*Id.*)  Although threshold jurisdictional questions are typically resolved before questions of venue, "when there is a sound prudential justification for doing so, . . . a court may reverse the normal order of considering personal jurisdiction and venue."  *Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979).  Because a transfer of venue to the Northern District of Illinois would render the personal jurisdiction issue moot, the Court will first consider the question of venue.

The standard for a change of venue in removal cases is found in 28 U.S.C. § 1404(a): "For the convenience of parties and witnesses, in the interest of justice, a district court may

transfer any civil action to any other district or division where it might have been brought."[1] The transfer statute exists "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quotations omitted). The district court has broad discretion in considering a motion to transfer under 28 U.S.C. § 1404(a). *Reese v. CNH America LLC*, 574 F.3d 315, 320 (6th Cir. 2009).

Section 1404(a) first requires defendants to show the case could have originally been brought in the proposed transferee district. 28 U.S.C. § 1404(a); *see*, *e.g.*, *Boys v. Mass. Mut. Life Ins. Co.*, No. 2:12–CV–445, 2013 WL 3834010, at *2 (E.D. Tenn. July 24, 2013). Once the Court has determined the case could have been brought in the transferee district, "a district court should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" *Moore v. Rohm & Haas Co.*, 446 F.3d 643, 647 n. 1 (6th Cir. 2006) (quoting *Moses v. Bus. Card Exp., Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991)). Specifically, district courts consider: the convenience of the parties and witnesses; the accessibility of evidence; the availability of process to make reluctant witnesses testify; the costs of obtaining willing witnesses; the practical problems of trying the case most expeditiously and inexpensively; and the interests of justice. *Reese*, 574 F.3d at 320 (quotations and citations omitted). Analysis under Section 1404(a) is intended to be flexible and individualized. *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29–30 (1988).

---

[1] Because Defendant properly removed the action to this Court, Defendant must rely on 28 U.S.C. § 1404(a) and cannot seek to dismiss or transfer this matter pursuant to 28 U.S.C. 1406(a). *Floyd v. Swift Transp. Corp.*, No. 3:06-CV-69, 2006 WL 2548337, at *2 (E.D. Tenn. Aug. 31, 2006).

3

Under such a motion, "[t]he defendant bears the burden of proving that there is an alternative venue that is proper and that the convenience of the parties and witnesses, and the interest of justice, warrant transfer." *KANL, LLC v. Savage Sports Corp.*, No. 3:13-cv-265-TAV-CCS, 2014 WL 1745443, at *2 (E.D. Tenn. Apr. 30, 2014). The plaintiff's choice of forum should only be disturbed if the balance of interests is strongly in favor of the defendant. *Reese*, 574 F.3d at 320.

## III. DISCUSSION

Under Section 1404(a), the Court must first determine whether the action *could* have been brought in the forum to which transfer is requested. Here, Defendant asserts, and Plaintiff does not dispute, this action could have been properly brought in the Northern District of Illinois. *See* 28 U.S.C. § 1391(b). Defendant resides in the Northern District of Illinois. (Doc. 9 at 15.) Further, a substantial part of the events giving rise to Plaintiffs' claims occurred in the Northern District of Illinois, as Defendant developed and implemented its COVID-19 vaccination policy at Defendant's principal place of business in Chicago, Illinois. (*Id.* at 16.)

The second inquiry is whether the civil action *should* have been brought in the forum to which transfer is requested. The Court considers the factors relevant to transfer under Section 1404(a) in turn below.

### A. Weight Afforded to Plaintiffs' Selection of Forum

In this case, Plaintiffs primarily argue Defendant is "beholden to" Plaintiffs' choice of forum. (Doc. 14 at 12.) The Court is mindful of the general need to give substantial deference to plaintiff's choice of forum, *see, e.g., Smith v. Kyphon, Inc.*, 578 F. Supp. 2d 954, 962 (M.D. Tenn. 2008), but that choice is not so weighty as to counterbalance all the other factors. *See Reese*, 574 F.3d at 320. Moreover, Plaintiffs' choice of forum is given less deference here

because "none of the conduct complained of occurred in the forum selected." *See Maberry v. Nuclear Fuel Servs., Inc.*, No. 3:13-CV-499, 2013 WL 5560318, at *2–4 (E.D. Tenn. Oct. 7, 2013). The COVID-19 policy at issue was implemented in Chicago, Illinois (Doc. 9 at 16), and Plaintiffs' bases of operation were in Cleveland, Ohio and Arlington, Virginia respectively. (Doc. 9-1, ¶¶ 7–8, 10–11.) It appears the only connection to Tennessee is Plaintiffs' current residences. (Doc. 1-1, ¶¶ 6–7.) Plaintiffs' choice of forum can also be given less deference because the chosen forum was the Circuit Court of Franklin County, not this Court. *See Maberry*, 2013 WL 5560318, at *4 (noting a plaintiff's choice of forum is entitled to somewhat less weight when the case is removed to federal court because plaintiff's forum choice no longer applies). Regardless, each of the remaining relevant factors is either neutral or leans toward transferring venue to the Northern District of Illinois.

### B. Convenience of the Parties, Witnesses, and Access to Evidence

The Court next considers the convenience of witnesses and access to evidence. Defendant's argument is simple: transfer of venue is proper because most of the relevant documents and witnesses are located in Chicago, Illinois, the location of Defendant's headquarters. (Doc. 9 at 19–20.) "All the witnesses who will testify regarding the complained-of policies and the employment decisions specific to Plaintiffs work in the Northern District of Illinois." (Doc. 15 at 11.) The relevant documents and physical evidence are located there as well. (Doc. 9 at 20.)

In response, Plaintiffs argue "a transfer would merely shift any inconvenience to Plaintiffs as Plaintiffs live in the Eastern District of Tennessee." (Doc. 14 at 12.) While the Court recognizes transfer to Illinois will inconvenience Plaintiffs, Plaintiffs appear to be the only witnesses with evidence who reside in Tennessee. (*See id.*) The bulk of decisions, documents, and witnesses remain at Defendant's headquarters. (Doc. 15 at 10–11.) Thus, given the lack of

5

Case 4:23-cv-00045-CLC-CHS   Document 19   Filed 09/25/24   Page 5 of 8   PageID #: 245

ties to Tennessee, and the locus of operative facts and "the center of gravity" of this case being in Illinois, these factors favor transfer. *See Sacklow*, 377 F. Supp. 3d at 880.

C. **Ability to Apply State Law**

Plaintiffs also argue transfer is inappropriate because "courts that are familiar with Tennessee state law are undoubtedly better equipped to analyze these claims, particularly in regards to novel issues of first impressions as to applicable statute of limitations pursuant to Tenn. Code Ann. § 14-1-101 *et seq.*" (Doc. 14 at 13.) Federal courts routinely and skillfully consider these types of tort claims. While Tennessee courts have not established the statute of limitations under Tennessee Code Annotated §§ 14-1-101 *et seq.* specifically, Tennessee courts have clearly established the statute of limitations for common law statutory discharge in violation of public policy, to which Plaintiffs contend the statute is most analogous. (Doc. 14 at 4.) The courts of the Northern District of Illinois are no less capable of applying the laws of Tennessee. *See Sacklow*, 377 F. Supp. 3d at 879. This factor is therefore neutral.

D. **Trial Efficiency and the Interests of Justice**

The Court must also consider "those public-interest factors of systemic integrity and fairness that, in addition to private concerns, come under the heading of 'the interest of justice.'" *Langley v. Prudential Mortg. Capital Co., LLC*, 546 F.3d 365, 370 (6th Cir. 2008). This consideration traditionally relates to "the efficient administration of the court system." *Sacklow,* 377 F. Supp. 3d at 881. "To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different [d]istrict [c]ourts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent." *Continental Grain Co. v. The-FBL-585*, 364 U.S. 19, 26 (1960).

There are many cases involving challenges to the same COVID-19 policies and practices as those challenged in this case that have been filed in or transferred to the Northern District of

Illinois for adjudication. *See Wickstrom v. Air Line Pilots Ass'n, Int'l*, No. 22-cv315, 2023 WL 3103836, at *5 (W.D. Tex. April 25, 2023) (transferring case to the Northern District of Illinois where it is currently pending as civil action No. 23-cv-02631); *Hassett v. United Airlines, Inc.*, No. 23-cv-0960-P, at *Dkt. 34 (W.D. Tex. Oct. 5, 2023) (transferring case to the Northern District of Illinois where it is currently pending as No. 23-cv-14592); *Oka v. United Airlines, Inc.*, No. 2:23-cv-00135, ECF No. 1 (E.D. Ky. Oct. 3, 2023) (transferring case to the Northern District of Illinois where it is currently pending as No. 23-cv-15793); *Caraffa v. United Airlines, Inc.*, No. 1:23-cv-01800, ECF No. 1 (N.D. Ohio Sept. 15, 2023) (transferring case to the Northern District of Illinois where it is now pending as No. 23-cv-00989); *Engstrom et al v. Air Lines Pilots Ass'n, Int'l et al*, No. 6:22-cv-02130, ECF No. 23 (M.D. Fla. Apr. 7, 2023) (transferring case to the Northern District of Illinois where it is currently pending as No. 23-cv-00989; *McCladdie v. United Airlines, Inc, et al.*, No. 24 CV 4385, 2024 WL 4041327, at *1 (N.D. Ill. Sept. 4, 2024) (case dismissed); *Anderson v. United Airlines, Inc.*, No. 23-C-989, 2023 WL 5721594 (N.D. Ill. Sep. 5, 2023) (case dismissed); and *Ellis v. United Airlines, Inc.*, No. 23-cv-123, Dkts. 30, 36 (N.D. Ill. Oct. 18, 2023) (case dismissed).

The general "interests of justice" and the practical problems of trying the case most expeditiously and inexpensively substantially weigh in favor of transfer. *See Reese*, 574 F.3d at 320. Considering there are many cases pending in the Northern District of Illinois which involve precisely the same issues here, denying the transfer of venue would lead to the "wastefulness of time, energy and money that § 1404(a) was designed to prevent." *See Continental Grain Co.*, 364 U.S. at 26. Transfer will enable "the efficient administration of the court system" by avoiding duplicative and inconsistent rulings. *See Sacklow,* 377 F. Supp. 3d at 881.

## IV. CONCLUSION

Upon review of the Section 1404(a) factors, the Court finds Defendant has met its burden of showing transfer is warranted. *See Reese*, 574 F.3d at 320. In light of the convenience and efficiency to be gained by transferring this action to the forum in which the events giving rise to the complaint took place, where the relevant documents and majority of witnesses exist, and where the bulk of related cases lie, the Court concludes it is in the interests of justice to transfer venue to the Northern District of Illinois. The Court need not address the remaining issues raised by Plaintiffs.

For the foregoing reasons, the motion to dismiss (Doc. 8) will be **GRANTED IN PART** and **DENIED IN PART**. Defendant's motion to transfer pursuant to 28 U.S.C. § 1404(a) will be **GRANTED**, and the motion to dismiss under Rules 12(b)(2) & 12(b)(6) will be **DENIED**. The Court will **TRANSFER** the case to the Northern District of Illinois.

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**